Citation Nr: 1229619 
Decision Date: 08/28/12 Archive Date: 09/05/12

DOCKET NO. 10-32 840 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUES

1. Whether new and material evidence has been received to reopen a previously denied claim of entitlement to service connection for a back disability, including degenerative disc disease of the lumbar spine. 

2. Whether new and material evidence has been received to reopen a previously denied claim of entitlement to service connection for frostbite of the hands. 

3. Whether new and material evidence has been received to reopen a previously denied claim of entitlement to service connection for frostbite of the feet. 

4. Whether new and material evidence has been received to reopen a previously denied claim of entitlement to service connection for diabetes mellitus. 

5. Whether new and material evidence has been received to reopen a previously denied claim of entitlement to service connection for hypertension. 

6. Whether new and material evidence has been received to reopen a previously denied claim of entitlement to service connection for a psychiatric disability, including depression. 

7. Whether new and material evidence has been received to reopen a previously denied claim of entitlement to service connection for blood disease. 

8. Whether new and material evidence has been received to reopen a previously denied claim of service connection for a heart disability. 

9. Whether new and material evidence has been received to reopen a previously denied claim for compensation pursuant to 38 U.S.C.A. § 1151 for blood disease. 

10. Whether new and material evidence has been received to reopen a previously denied claim for compensation pursuant to 38 U.S.C.A. § 1151 for a heart disability. 

11. Entitlement to a total rating based on individual unemployability due to service-connected disability. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and an acquaintance


ATTORNEY FOR THE BOARD

K. Conner, Counsel


INTRODUCTION

The appellant served on active duty from January 1954 to December 1956.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a November 2009 rating decision and an October 2010 determination of the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California.

In July 2012, the appellant and an acquaintance testified at a Board videoconference hearing. 

In the November 2009 rating decision referenced above, the RO determined that new and material evidence had not been received to reopen previously denied claims of entitlement to service connection for degenerative disc disease of the lumbar spine, frostbite of the hands and feet, depression, hypertension, diabetes mellitus, blood disease, and a heart disability, as well as previously denied claims for compensation pursuant to 38 U.S.C.A. § 1151 for blood disease and a heart disability. The appellant perfected an appeal of the RO's decision via his submission of a VA Form 9 in August 2010. 

In the October 2010 determination referenced above, the RO denied a total rating based on individual unemployability due to service-connected disability. The appellant submitted a notice of disagreement with the RO's determination in November 2010. The record currently available to the Board, however, contains no indication that the RO has issued a Statement of the Case addressing this issue. Under these circumstances, a remand is necessary. See 38 C.F.R. § 19.9(c)(2011); see also Manlincon v. West, 12 Vet. App. 238, 240-41 (1999) (where a claimant has submitted a notice of disagreement, but a Statement of the Case has not yet been issued, a remand is necessary).

The issues of whether new and material evidence has been received to reopen claims for compensation pursuant to 38 U.S.C.A. § 1151 for blood disease and a heart disability and the issue of entitlement to a total rating based on individual unemployability due to service-connected disability are addressed in the REMAND portion of the decision below and are REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC.

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2011). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDINGS OF FACT

1. In an unappealed July 1990 decision, the Board denied service connection for a back disability. In unappealed January 2000 and December 2007 rating decisions, the RO determined that new and material evidence had not been received to reopen the previously denied claim of service connection for a back disability, including degenerative disc disease of the lumbar spine.

2. In April 2007, the appellant again requested reopening of his claim of entitlement to service connection for a back disability. 

3. Evidence received since the last final rating decision denying service connection for a back disability is either cumulative of evidence previously considered or does not relate to an unestablished fact necessary to substantiate the claim, and does not raise a reasonable possibility of substantiating the claim of service connection for a back disability, including degenerative disc disease of the lumbar spine.

4. In an unappealed July 1990 decision, the Board denied service connection for frostbite of the hands and feet. In an unappealed January 2000 rating decision, the RO determined that new and material evidence had not been received to reopen the previously denied claim of service connection for frostbite of the hands. 

5. In March 2004, the appellant requested reopening of his claims of service connection for frostbite of the hands and feet. 

6. Evidence received since the last final decisions denying service connection for frostbite of the hands and feet is either cumulative of evidence previously considered or does not relate to an unestablished fact necessary to substantiate the claim, and does not raise a reasonable possibility of substantiating the claim of service connection for frostbite of the hands and feet. 

7. In an unappealed January 2000 rating decision, the RO denied service connection for diabetes mellitus. In an unappealed December 2007 rating decision, the RO determined that new and material evidence had not been received to reopen the previously denied claim of service connection for diabetes mellitus. 

8. In September 2009, the appellant requested reopening of his claim of service connection for diabetes mellitus.

9. Evidence received since the last final rating decision denying service connection for diabetes mellitus, when presumed to be credible, relates to an unestablished fact necessary to substantiate the claim and raises a reasonable possibility of substantiating the claim of service connection for diabetes mellitus. 

10. Diabetes mellitus was not present during the appellant's active service or for many years thereafter, and the record contains no indication that the appellant's current diabetes mellitus is causally related to his active service or any established incident therein. 

11. In an unappealed December 2007 rating decision, the RO denied service connection for hypertension, a psychiatric disability, blood disease, and a heart disability. 

12. In September 2009, the appellant requested reopening of his claims of service connection for hypertension, a psychiatric disability, blood disease, a heart disability. 

13. Evidence received since the last final rating decision denying service connection for hypertension, a psychiatric disability, blood disease, and a heart disability, when its credibility is presumed, relates to an unestablished fact necessary to substantiate the claims, and raises a reasonable possibility of substantiating the claims of service connection for hypertension, a psychiatric disability, blood disease, and a heart disability. 

14. Hypertension, a psychiatric disability, a blood disease, and a heart disability were not present during the appellant's active service or for many years thereafter and the record contains no indication that any current hypertension, psychiatric disability, blood disease, or heart disability are causally related to his active service or any incident therein.


CONCLUSIONS OF LAW

1. The July 1990 Board decision denying service connection for a low back disability and frostbite of the hands and feet is final. 38 U.S.C.A. § 4004(b) (West 1988); 38 C.F.R. § 19.104 (1990).

2. The January 2000 rating decision determining that new and material evidence had not been received to reopen the previously denied claims of service connection for a low back disability and frostbite of the hands and denying service connection for diabetes mellitus is final. 38 U.S.C.A. § 7105(c) (West 1991); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (1999).

3. The December 2007 rating decision denying service connection for hypertension, a psychiatric disability, blood disease, and a heart disability, and determining that new and material evidence had not been received to reopen the previously denied claims of service connection for degenerative disc disease of the lumbosacral spine and diabetes mellitus is final. 38 U.S.C.A. § 7105(c) (West 2002); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2007).

4. New and material evidence has not been received to warrant reopening of the claims of service connection for a low back disability, including degenerative disc disease of the lumbosacral spine; and frostbite of the hands and feet. 38 U.S.C.A. §§ 5107, 5108 (West 2002); 38 C.F.R. § 3.156 (2011).

5. New and material evidence has been received to warrant reopening of the claims of service connection for diabetes mellitus, hypertension, a psychiatric disability, a blood disease and a heart disability. 38 U.S.C.A. §§ 5107, 5108 (West 2002); 38 C.F.R. § 3.156 (2011).

6. Diabetes mellitus, hypertension, a psychiatric disability, blood disease, and a heart disability were not incurred in active service, nor may such disabilities be presumed to have been incurred in service. 38 U.S.C.A. §§ 1101, 1110, 1112, 1131, 1137, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2011).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Veterans Claims Assistance Act of 2000 (VCAA)

As a preliminary matter, the Board finds that no further notice or development action is necessary in order to satisfy VA's duties to the appellant under the VCAA.

In August 2005, July 2009, and September 2009 letters issued prior to the initial determination on his claims, VA notified the appellant of the information and evidence needed to substantiate and complete his claims and of what part of that evidence he was to provide and what part VA would attempt to obtain for him. 38 U.S.C.A. § 5103(a) (West 2002); 38 C.F.R. § 3.159(b)(1) (2011). These letters also satisfied the additional notification requirements imposed by the U.S. Court of Appeals for Veterans Claims (Court) in Kent v. Nicholson, 20 Vet. App. 1 (2006). 

In addition to these notification letters, in a conference held prior to the July 2012 Board hearing, the issues on appeal were discussed with the appellant and his representative, including the type of evidence required in order to prevail in the claims. See e.g. Bryant v. Shinseki, 23 Vet. App. 488 (2010).

With respect to VA's duty to assist, the record shows that no additional development action is necessary. 38 U.S.C.A. § 5103A (West 2002); 38 C.F.R. § 3.159 (2011). 

As a preliminary matter, the Board wishes to assure the appellant that his service treatment records are indeed on file. The record shows that on several occasions, the appellant has expressed the belief that his service treatment records were destroyed in the 1973 fire at the National Personnel Records Center (NPRC). A review of the record, however, indicates that although the appellant's service treatment records were apparently damaged in the NPRC fire, they are of record and largely legible. The Board has carefully considered these records in their entirety in rendering a decision in this appeal. 

In addition to the service treatment records, the record shows that VA has obtained all relevant post-service VA and private clinical records which the appellant has specifically identified and authorized VA to obtain. Despite being given the opportunity to do so, the appellant has neither submitted nor specifically identified any additional post-service VA or private clinical records relevant to the claims adjudicated in this decision and none is evident from a review of the record. 38 U.S.C.A. § 5103A(c) (West 2002); 38 C.F.R. § 3.159(c)(2), (3) (2011).

Although the appellant has not been afforded a VA medical examination in connection with his claims, the Board concludes that one is not necessary. 38 U.S.C.A. § 5103A(d) (West 2002); 38 C.F.R. § 3.159(c)(4) (2011). As set forth below, the Board has determined that new and material evidence has not been received to reopen the claims of service connection for a back disability, including degenerative disc disease of the lumbar spine, and frostbite of the hands and feet. Thus, no examination is necessary with respect to these claims. See 38 C.F.R. § 3.159(c)(4)(C)(iii) (providing that the duty to provide a VA medical examination applies only if new and material evidence is presented or secured).

The Board further finds that an examination is not necessary with respect to the appellant's claims of service connection for diabetes mellitus, hypertension, a psychiatric disability, blood disease, or a heart disability. Under applicable criteria, an examination or opinion is necessary if the evidence of record (A) contains competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of disability; and (B) establishes that the claimant suffered an event, injury or disease in service; or has a presumptive disease or symptoms of such a disease manifesting during an applicable presumptive period; and (C) indicates that the claimed disability or symptoms may be associated with the established event, injury, or disease in service; but (D) does not contain sufficient medical evidence for the Secretary to make a decision on the claim. 38 C.F.R. § 3.159(c)(4) (2011); see also McLendon v. Nicholson, 20 Vet. App. 79 (2006) (discussing the four elements to consider in determining whether a VA medical examination must be provided).

In this case, as described in more detail below, the evidence shows that the appellant's claimed disabilities were not present during his active service, within the first post-service year, or for many years thereafter. Additionally, the record contains no indication that the appellant's claimed disabilities may be associated with service or an established in-service incident, including evidence of continuity of symptomatology. Given these facts, the Board finds that an examination is not necessary with respect to the claims of service connection for diabetes mellitus, hypertension, a psychiatric disability, blood disease, or a heart disability. See Locklear v. Nicholson, 20 Vet. App. 410 (2006); see also McLendon, 20 Vet. App. at 83.

For the reasons set forth above, and given the facts of this case, the Board finds that VA has fulfilled its VCAA duties to the appellant. Thus, no further notification or development action is necessary on the issues now being decided. Neither the appellant nor his representative has argued otherwise.



Background

In pertinent part, the appellant's service treatment records show that in February 1954, he sought treatment for chest pain and chills. He was diagnosed as having an upper respiratory infection. No cardiac abnormalities were identified. 

In March 1954, the appellant sought treatment with complaints of pain in his fingertips for the past week. Examination was negative except for short nails. The fingers exhibited good color and radial pulse. 

In August 1955, the appellant was again seen in connection complaints of chest pain. X-ray studies were negative. Again, no cardiac abnormalities were identified. 

In September 1956, the appellant was hospitalized in connection with complaints of abdominal pain which was suspected to be appendicitis. During the course of hospitalization, a blood pressure reading of 120/70 was recorded. A chest X-ray was again negative. The appellant was noted to be six feet tall and weigh 180 pounds. The diagnosis on discharge was gastroenteritis, acute, cause undetermined. 

At his November 1956 military separation medical examination, the appellant's spine, heart, vascular system, endocrine system, upper extremities, and feet were examined and found to be normal. The appellant's skin was also normal, but for a notation of a tatoo on the right forearm. Neurologic and psychiatric evaluations were also normal. The appellant's blood pressure was 110/60. Laboratory testing was negative, including for sugar in the urine. 

In July 1987, the appellant submitted an original application for VA compensation benefits, seeking service connection for a back disability and frostbite of the hands and feet. His application is silent for mention of any other disability, including a psychiatric disability, hypertension, diabetes mellitus, blood disease, or a heart condition. 

In a September 1987 rating decision, the RO denied service connection for a back condition and frostbite of the hands and feet, finding that absent any indication in the available service treatment records of treatment, diagnosis, or findings of a back condition or frostbite of the hands and feet, there was no basis upon which to establish service connection for these disabilities. 

The appellant appealed the RO's determination. In connection with his appeal, the appellant underwent VA neurological examination in June 1989 at which he reported a history of several episodes of frostbite of the hands and feet in Korea, although he indicated that it was too long ago to remember any specific details. He indicated that he could not remember any blistering, changes in color, or tissue debridement. The examiner noted that the appellant's service treatment records documented at least one episode in 1954 when the appellant had been seen for what appeared to be frostbite-like symptoms in his fingers. He noted, however, that an examination conducted at that time had been normal. The examiner further noted that after the appellant's separation from service, he had had normal feeling in his fingers and at no time had been limited in his career as an electronics technician. The appellant indicated that over the last few years, however, he had developed pain throughout his body, including his hands and feet. 

In addition to frostbite, the appellant recalled a history of back pain which had developed in Korea and had continued since that time, although the examiner indicated that the appellant was unable to remember any further details, including any antecedent injury. The appellant also reported that he had recently learned he was borderline diabetic. On examination, the appellant exhibited minimal back tenderness. He had normal color in all of his extremities with normal radial pulse and normal dorsalis pedis pulses bilaterally. There was no change in temperature or color in any of his extremities. The diagnosis was no evidence of frostbite. The examiner also noted that the appellant's back pain was most likely a degenerative osteoarthritis. 

At a VA medical examination in June 1989, the appellant reported that he had sustained frostbite of the hands and feet in Korea. He indicated that his current symptoms included aching of his hands and feet, especially in cold and damp weather. The appellant also reported recurrent low back pain since approximately 1958 occasionally radiating to both thighs. The appellant indicated that he had recently undergone X-ray studies of the back and had been hold he had "rheumatism." The appellant also indicated that he was a diabetic but was not on insulin. Examination showed that the appellant was obese, weighing 226 pounds. He exhibited normal range of motion of all joints of the upper extremities with normal nails and digital hair of the fingers. The examiner indicated that there were no ascertainable residuals of frostbite on examination. With respect to the feet, the appellant's nails and digital hair distribution were normal. There was no tissue loss. The diagnoses included diabetes, recurrent low back pain, and history of frostbite of the hands and feet with no residuals of frozen feet found on this examination, asymptomatic. 

In a July 1990 decision, the Board denied service connection for a back disability, finding that there was no evidence of a back disability in service, within the first post-service year, and that any current back disability, including arthritis, was not shown to be related to service. The Board also denied service connection for frostbite of the hands and feet, finding that although the appellant was seen in connection with pain in his fingertips during service, no pertinent abnormalities were identified at that time and the appellant's symptoms were not shown be due to frostbite, nor was there any other evidence of frostbite of the hands and feet during service. Finally, the Board noted that there was no current evidence of frostbite residuals. The appellant did not appeal the Board's July 1990 decision. 

In August 1990, the appellant underwent a VA medical examination in connection with an application for nonservice-connected pension. At that time, his complaints again included back problems since 1953 or 1954, when he recalled sustaining injury while lifting a stove in Korea and being put on bed rest and limited duty. The appellant indicated that since his separation in 1956, his back pain had continued and that he had recently undergone surgery in May 1990. The examiner suspected that a foraminotomy had been performed. The diagnoses included adult onset diabetes mellitus, type II, exacerbated by obesity and requiring insulin treatment without evidence of complications, onset about 1988. Also diagnosed was low back pain, muscular, may be nerve root compression, with recent operative procedure. Subsequent X-ray studies of the lumbosacral spine performed in August 1990 showed status post laminectomy involving L3-4 and L5 with associated degenerative disc disease at the L5-S1 level. 

In September 1990, the RO awarded nonservice-connected pension benefits. 

In July 1999, the appellant submitted claims of service connection for multiple disabilities, including diabetes mellitus, a back disability, and residuals of frostbite of the hands. His claim is silent for any mention of a psychiatric disability, hypertension, a heart disability, or a blood disease. 

In support of his claim, the RO obtained VA clinical records, dated from July 1998 to July 1999 showing treatment for multiple conditions, including diabetes mellitus, neuropathy, elevated cholesterol, and hypertension. The appellant was also noted to have a history of low back pain and degenerative disc disease. During this period, the appellant's weight was 227 pounds and he was counseled to exercise, lose weight, and quit smoking. 

Based on this evidence, in a January 2000 rating decision, the RO determined that new and material evidence had not been received to reopen the previously denied claims of service connection for a back disability, including degenerative disc disease of the lumbar spine, and frostbite of the hands. The RO also denied service connection for diabetes mellitus, finding that there was no indication that diabetes had been present during the appellant's period of active service nor was there any indication of a link between the appellant's current diabetes mellitus and his active service. The appellant was notified of the RO's determination and his appellate rights in a February 2000 letter but he did not appeal. 

In March 2004, the appellant again submitted claims of service connection for multiple disabilities, including a back disability and residuals of frostbite of the hands and feet. It does not appear that this claim was immediately addressed by the RO and therefore remained pending. 

In April 2007, the appellant again submitted additional claims, including claims of entitlement to service connection for diabetes mellitus, hypertension, chronic back pain, and manic depressive disorder, as well as claims for compensation pursuant to 38 U.S.C.A. § 1151 for blood disease and a heart disability. 

In an April 2007 statement, the appellant explained that he had been to a private facility, Paradise Valley Hospital, twice in past years during which he had received blood transfusions and iron injections. The appellant claimed that such treatment had been necessary as VA had prescribed him drugs, including Ibuprofen, statins, HCTZ, and Glyburide, which had "messed up" his immune system and blood marrow, causing him to feel tired and out of breath on a regular basis. 

In support of his claim, the RO obtained clinical records from Paradise Valley Hospital, dated from March 2002 to May 2005. In pertinent part, these records show that in March 2002, the appellant was hospitalized after he sustained a cerebrovascular accident with left hemiparesis. On admission, it was noted that the appellant had a history of numerous conditions, including hypertension, diabetes mellitus, and obesity. During the course of admission, the appellant was noted to be a heavy smoker who was morbidly obese. He was found to be anemic with chronic renal insufficiency. It was also noted that the appellant had undergone an MRI of the spine in connection with his complaints of chronic back pain and left lower extremity pain. The study showed multiple level spinal stenosis, most significant at L5-6. The diagnoses included cerebrovascular accident with left hemiparesis, hypertension with hypertensive cardiovascular disease, diabetes mellitus, and spinal stenosis. 

At an April 2002 consultation, the appellant was noted to have had diabetes mellitus for approximately 11 years and hypertension for two to three years. The diagnoses included overt diabetes mellitus and nephrotic syndrome. The treating physician explained that this was a progressive disease and the appellant would likely need dialysis in the future. The appellant was also noted to have iron-deficiency anemia. 

Subsequent private clinical records from Paradise Valley Hospital show that in May 2003, the appellant was seen in connection with complaints of right foot pain. He was noted that he had a history of diabetes mellitus. X-ray studies of the right foot were negative. The diagnosis was acute plantar fasciitis. This record is negative for notations to frostbite in service or any residuals thereof. In May 2004, the appellant was seen for low back pain. In August 2004, the appellant was seen for syncope and chest pain. It was noted that he had a history of hypertension, diabetes mellitus, congestive heart failure, and two prior cerebrovascular accidents. In May 2005, the appellant was treated for pneumonia. 

The RO also obtained VA clinical records dated in May 2005 showing multiple diagnoses including diabetes mellitus, hypertension, residuals of a CVA, chronic renal insufficiency, and anemia likely secondary to chronic renal insufficiency. In addition, the appellant reported that he felt depressed over "life stressors" and wished to see a psychiatrist. 

Based on this evidence, in a December 2007 rating decision, the RO denied service connection for hypertension, finding that the condition was not shown during service nor was it manifest to a compensable degree within one year of service separation. The RO denied service connection for manic depression, finding that the condition was not shown during service nor was there evidence showing that the appellant currently had manic depression that was attributable to service. The RO denied service connection for a heart disability and blood disease as well as compensation pursuant to 38 U.S.C.A. § 1151 for a heart disability and blood disease, finding that a heart condition or a blood disease was not present during service or manifest to a compensable degree within one year of service, nor did the record contain evidence showing that his current heart disease or any claimed blood disease was due to service or to VA care. Finally, the RO determined that new and material evidence had not been received to reopen the previously denied claims of service connection for degenerative disc disease of the lumbosacral spine and diabetes mellitus. The RO explained that the record showed that neither condition had been present in service and the record continued to lack any evidence linking either condition to service. The appellant was notified of the RO's determination and his appellate rights in a December 2007 letter, but he did not appeal. 

In May 2009, the appellant again submitted a claim of service connection for frostbite to the hands and feet. He claimed that he had sustained severe frostbite to his fingers and toes during active duty. 

In September 2009, the appellant claimed entitlement to service connection for multiple additional disabilities, including hypertension, manic depressive disorder, blood disease, a heart condition, disc disease of the lumbar spine, and diabetes mellitus.

In support of his claim, the RO obtained VA clinical records dated from August 2005 to November 2009. In pertinent part, these records show that at an August 2005 VA mental health evaluation, the appellant reported that he had experienced frostbite and frozen feet in Korea but that his records had been destroyed. He also reported multiple additional medical problems and indicated that he was no longer able to engage in his former activities. The appellant also reported that he had been told by a VA physician that medication or shots given to him on active duty may have caused his anemia. The appellant also reported that he noticed the onset of depression three to four years prior. He denied a prior psychiatric history. The diagnosis was depression, not otherwise specified. Subsequent VA clinical records show continued treatment for numerous disabilities, including diabetes mellitus, hypertension, obesity, tobacco addiction, anemia, and hyperlipidemia and possible diabetic neuropathy.

In an October 2009 statements, the appellant indicated that during his period of active service he had been treated with "pills" for hypertension, a heart condition, and diabetes mellitus. He also indicated that he had been treated during active service for frostbite of his hands and feet. With respect to his claim of service connection for blood disease, the appellant indicated that his bone marrow had been "messed up" causing severe anemia. He indicated that he now required treatment with iron and blood transfusions. 

Subsequent VA clinical records dated to June 2010 show that the appellant continued to receive medical treatment for multiple disabilities. In June 2010, it was noted that the appellant had had diabetes mellitus for the past fifteen years, now complicated by renal insufficiency and severe hypoglycemia. It was also noted that the appellant had a history of congestive heart failure, hypertension, depression, and anemia. 

At his July 2012 Board hearing, the appellant testified that he had served as a cook in service and that his duties included lifting heavy stoves, pots, and pans. He indicated that on several occasions in service, he had strained his back while engaging in heavy lifting, had been seen by a physician, and had been assigned no duty or light duty for three to four day periods. The appellant indicated that his back strain had continued since service. With respect to his frostbite, the appellant claimed that he had been stationed in the DMZ in Korea. He indicated that he had been a cook and explained that his hands froze all the time because he had to work with frozen food. He indicated that he now experienced problems with his hands and feet as a result of his frostbite, including arthritis and sensitivity to heat. With respect to his depression, the appellant indicated that he had been diagnosed as having depression five to six years after service. He indicated that he was now treated with counseling and medication. With respect to his claim of service connection for hypertension, the appellant testified that he thought he may have been diagnosed with hypertension in service, but he was not sure. He indicated, however, that he did not start taking medication until after he got out of service. The appellant testified that he had also been diagnosed as having diabetes mellitus after service, although he was unable to remember when. The appellant testified that during service, he had gained a considerable amount of weight, increasing to approximately 235 pounds. He indicated that his doctors always told him he needed to "slow down on food" or he might develop diabetes. Finally, the appellant testified that he had problems with his bone marrow and anemia due to drugs he had been prescribed during periods of hospitalization at the La Jolla VAMC in the mid 1990s, possibly Motrin. The appellant also indicated that he had had a heart attack due to beta blockers VA had prescribed. 

Following the hearing, the appellant submitted additional private medical records showing that in January 1990, he had been seen in connection with his complaints of back pain as well as bilateral leg pain. He indicated that his symptoms had begun to develop in the past three years. An MRI showed lumbar stenosis at L3 to S1. It was also noted that the appellant had diabetes. In June 1990, the appellant elected to have surgical decompression of the lumbar stenosis. 


Applicable Law

Service connection

Service connection may be established for disability resulting from personal injury suffered or disease contracted in line of duty in the active military, naval, or air service. 38 U.S.C.A. §§ 1110, 1131 (West 2002). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d) (2011).

Service connection for certain chronic diseases, such as diabetes mellitus, cardiovascular-renal disease, arthritis, a psychosis, and organic disease of the nervous system, may be also be established on a presumptive basis by showing that such a disease manifested itself to a degree of 10 percent or more within one year from the date of separation from service. 38 U.S.C.A. §§ 1101, 1112, 1137 (West 2002); 38 C.F.R. §§ 3.307(a)(3), 3.309(a) (2011). In such cases, the disease is presumed under the law to have had its onset in service even though there is no evidence of such disease during the period of service. 38 C.F.R. § 3.307(a) (2011).

For VA rating purposes, "hypertension" means that diastolic blood pressure is predominately 90 mm. or greater; "isolated systolic hypertension" means that the systolic blood pressure is predominately 160 mm. or greater with a diastolic blood pressure of less than 90 mm. See 38 C.F.R. § 4.104, Diagnostic Code 7101, Note 1 (2011). A 10 percent disability rating is warranted when diastolic pressure is predominantly 100 or more or when continuous medication is shown necessary for control of hypertension with a history of diastolic blood pressure predominantly 100 or more, or when systolic pressure is predominantly 160 or more.

Service connection may also be established on a secondary basis for a disability that is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Additional disability resulting from the aggravation of a non-service-connected condition by a service-connected condition is also compensable under 38 C.F.R. § 3.310(a).

In claims for VA benefits, VA shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107(b) (West 2002); see also Gilbert v. Derwinski, 1 Vet. App. 49, 53-54 (1990).

New and material evidence

In general, decisions of the RO and the Board that are not appealed in the prescribed time period are final. 38 U.S.C.A. § 7105 (West 2002); 38 C.F.R. §§ 20.1100, 20.1103 (2011). Pursuant to 38 U.S.C.A. § 5108, a finally disallowed claim may be reopened when new and material evidence is presented or secured with respect to that claim.

For claims filed on or after August 29, 2001, new evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156 (2011).

To reopen a previously disallowed claim, new and material evidence must be presented or secured since the last final disallowance of the claim on any basis, including on the basis that there was no new and material evidence to reopen the claim since a prior final disallowance. See Evans v. Brown, 9 Vet. App. 273, 285 (1996).

For purposes of reopening a claim, the credibility of newly submitted evidence is generally presumed unless such evidence is inherently incredible or beyond competence of the witness. See Justus v. Principi, 3 Vet. App. 510, 513 (1992).


Analysis

Degenerative disc disease of the lumbar spine

As set forth above, the appellant's service treatment records are entirely silent for complaints or findings of a back injury or disability. At his November 1956 military separation medical examination, the appellant's spine was examined and determined to be normal. 

In July 1987, nearly thirty years after his separation from service, the appellant submitted an original application for VA compensation benefits, seeking service connection for a back disability. In connection with his claim, the appellant was afforded VA medical examinations in June 1989 at which he reported a history of back pain occasionally radiating to the thighs which had developed in Korea and had continued since that time. The diagnoses included recurrent low back pain, most likely most likely a degenerative osteoarthritis. 

After considering this evidence, in a July 1990 decision, the Board denied the appellant's claim of service connection for back disability, finding that a back disability had not been shown in service or within the first post-service year, and that any current back disability, including degenerative arthritis of the spine, was not shown to be related to service. Because the appellant did not appeal the July 1990 Board decision, it is final and not subject to revision on the same factual basis. 38 U.S.C.A. §§ 4004(b) (West 1988); 38 C.F.R. § 19.104 (1990).

In July 1999, March 2004, and April 2007, the appellant requested reopening of his claim of service connection for a back disability. 

Additional evidence received in connection with those claims included the appellant's statements to the effect that he had injured his back in service while engaging in heavy lifting and had been treated with bed rest and limited duty. The additional evidence also included VA and private post-service clinical evidence showing treatment for degenerative disc disease and spinal stenosis, status post laminectomy. 

After considering this additional evidence, in January 2000 and December 2007 rating decisions, the RO determined that new and material evidence had not been received to reopen the previously denied claim of service connection for a back disability, including degenerative disc disease of the lumbar spine. The RO explained that the record continued to fail to establish that a chronic low back disability had been present in service or that the current low back disability was related to service. Although the appellant was duly notified of the RO's January 2000 and December 2007 rating decisions and his appellate rights, he did not appeal. Thus, the decisions are final and not subject to revision on the same factual basis. 38 U.S.C. § 4005(c) (1988) (currently 38 U.S.C.A. § 7105(c) (West 2002); 38 C.F.R. §§ 3.104, 19.129, 19.192 (1989) (currently 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2011)).

In this appeal, the appellant again seeks to reopen his claim of service connection for a back disability. Despite the finality of a prior adverse decision, a claim will be reopened and the former disposition reviewed if new and material evidence is received with respect to the claim which has been disallowed. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156.

Thus, the Board has reviewed the entire record, with particular attention to the additional evidence received since the last final rating decision denying service connection for a back disability in December 2007. After reviewing the record, the Board finds that the additional evidence received is not new and material within the meaning of 38 C.F.R. § 3.156.

The additional evidence received includes medical records as well as statements and hearing testimony from the appellant. The medical evidence includes VA clinical records dated from August 2005 to June 2010 which are silent for findings pertaining to a back disability. Thus, this evidence does not relate to an unestablished fact necessary to substantiate the claim and is not new and material. 38 C.F.R. § 3.156 (2011).

Also received were private clinical records dated from January to June 1990 showing treatment for lumbar degenerative disc disease and spinal stenosis. Information contained in these records, however, is cumulative and redundant of the evidence of record at the time of the last prior final denial of the claim. Thus, it is not new and material. 38 C.F.R. § 3.156 (2011); see also Cox v. Brown, 5 Vet. App. 95 (1993) (holding that records showing treatment years after service which do not link the post-service disorder to service are not considered new and material evidence).

Similarly, the record contains the appellant's additional statements and hearing testimony to the effect that he strained his back while engaging in heavy lifting during service and was treated with limited duty, as well as his statements that he has experienced back pain since service. Again, however, these statements were previously considered by the RO at the time of the last final denial of this claim in December 2007. Because this evidence is cumulative and redundant of the evidence of record at the time of the last prior final denial of the claim, it is not new and material. 38 C.F.R. § 3.156 (2011).

For these reasons, the Board finds that the additional evidence received since the final December 2007 rating decision is not new and material within the meaning of 38 C.F.R. § 3.156(a). Consequently, the Board finds that new and material evidence has not been submitted and the claim of service connection for a back disability, including degenerative disc disease of the lumbar spine, is not reopened. In reaching this decision, the Board has considered the doctrine of reasonable doubt; however, as the preponderance of the evidence is against the claim, the doctrine is not for application. 38 U.S.C.A. § 5107 (West 2002); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


Frostbite of the hands and feet

The appellant's service treatment records are also silent for findings of frostbite of the hands and feet. At his November 1956 military separation medical examination, the appellant's upper extremities, feet, vascular system, and skin were examined and found to be normal in all pertinent respects. Neurologic evaluation was also normal. 

In July 1987, nearly thirty years after his separation from service, the appellant submitted an original application for VA compensation benefits, seeking service connection for frostbite of the hands and feet. 

In connection with his claim, the appellant was afforded VA medical examinations in June 1989 at which he reported a history of several episodes of frostbite of the hands and feet in Korea. He indicated that his current symptoms included aching of his hands and feet, especially in cold and damp weather. The examiner reviewed the appellant's service treatment records, noting that although he had been seen on one occasion in 1954 for what appeared to be frostbite-like symptoms in his fingers, physical examination conducted at that time had been normal. The examiner further noted that after the appellant's separation from service, he had had normal feeling in his fingers and at no time had been limited in his career as an electronics technician. Current examination showed normal color in all of his extremities with normal radial pulse and normal dorsalis pedis pulses bilaterally. There was no change in temperature or color in any of his extremities. The diagnoses included no evidence of frostbite or ascertainable residuals thereof. 

After considering this evidence, in a July 1990 decision, the Board denied the appellant's claim of service connection for frostbite of the hands and feet, finding that although the appellant was seen in connection with pain in his fingertips during service, no pertinent abnormalities were identified at that time and the appellant's symptoms were not shown be due to frostbite, nor was there any other evidence of frostbite of the hands and feet during service. Finally, the Board noted that there was no current evidence of frostbite residuals. The appellant did not appeal the Board's July 1990 decision and it is therefore final and not subject to revision on the same factual basis. 38 U.S.C.A. §§ 4004(b) (West 1988); 38 C.F.R. § 19.104 (1990).

In July 1999, the appellant submitted a claim of service connection for residuals of frostbite of the hands. Additional evidence considered in connection with that claim included VA and private clinical records which are negative for complaints or findings of residuals of frostbite of the hands. 

After considering the additional evidence received, in a January 2000 rating decision, the RO determined that new and material evidence had not been received to reopen the previously denied claim of service connection for frostbite of the hands. The appellant was notified of the RO's determination and his appellate rights in a February 2000 letter but he did not appeal. appeal. Thus, the decision is final and not subject to revision on the same factual basis. 38 U.S.C.A. § 7105(c) (West 1991); 38 C.F.R. §§ 3.104, 19.129, 19.192 (1989). 

In March 2004, the appellant again submitted a claim of service connection for residuals of frostbite of the hands and feet which is the subject of the instant appeal. 

Thus, the Board has reviewed the entire record, with particular attention to the additional evidence received since the last final decisions denying service connection for frostbite of the hands and feet, in order to ascertain whether new and material evidence has been received. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156. After reviewing the record, however, the Board finds that the additional evidence received is not new and material within the meaning of 38 C.F.R. § 3.156.

The additional evidence received includes VA and private clinical records showing treatment for multiple disabilities. These records, however, are negative for findings of residuals of frostbite of the hands or feet. The additional evidence received also includes the appellant's statements and hearing testimony to the effect that he sustained frostbite of the hands and feet in service and continued to experience symptoms in his hands and feet including pain and sensitivity to temperature. The information contained in these records and the appellant's statements, however, is cumulative and redundant of that which of record and considered by the Board and the RO at the time of the last prior final denials of the claims. Thus, it is not new and material. 38 C.F.R. § 3.156 (2011)

For these reasons, the Board finds that the additional evidence received since the final July 1990 Board decision denying service connection for frostbite of the hands and feet, and the final January 2000 rating decision determining that new and material evidence had not been received to reopen the previously denied claim of service connection for frostbite of the hands, is not new and material within the meaning of 38 C.F.R. § 3.156(a). Consequently, the claim of service connection for residuals of frostbite of the hands and feet is not reopened. In reaching this decision, the Board has considered the doctrine of reasonable doubt; however, as the preponderance of the evidence is against the claim, the doctrine is not for application. 38 U.S.C.A. § 5107 (West 2002); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Diabetes mellitus

As discussed in more detail above, the appellant's service treatment records are negative for complaints or findings of diabetes mellitus. At his November 1956 military separation medical examination, the appellant's endocrine system was examined and determined to be normal. Additionally, laboratory testing conducted at service separation was negative, including for sugar in the urine. 

In pertinent part, the post-service record on appeal shows that during a June 1989 medical examination, the appellant reported that he had recently learned he was borderline diabetic. 

At an August 1990 VA medical examination, the appellant was diagnosed as having adult onset diabetes mellitus, type II, exacerbated by obesity and requiring insulin treatment without evidence of complications, onset about 1988. 

VA clinical records, dated from July 1998 to July 1999, show treatment for multiple conditions, including diabetes mellitus. 

Based on this evidence, in a January 2000 rating decision, the RO denied service connection for diabetes mellitus, finding that diabetes mellitus had not been present during the appellant's period of active service nor was there any indication of a link between the appellant's current diabetes mellitus and his active service. The appellant was notified of the RO's determination and his appellate rights in a February 2000 letter but he did not appeal. 

In April 2007, the appellant requested reopening of his claim of entitlement to service connection for diabetes mellitus. In support of his claim, the RO obtained VA and private clinical records, dated from May 2002 to May 2005 showing that the appellant continued to receive treatment for numerous chronic disabilities, including diabetes mellitus. 

Based on this evidence, in a December 2007 rating decision, the RO determined that new and material evidence had not been received to reopen the claim of service connection for diabetes mellitus. The RO explained that the record showed that diabetes mellitus had not been present in service and the record continued to lack any evidence linking the appellant's post-service diabetes mellitus to service. The appellant was notified of the RO's determination and his appellate rights in a December 2007 letter, but he did not appeal. Thus, the decision is final and not subject to revision on the same factual basis. 

In this appeal, the appellant seeks to reopen his claim of service connection for diabetes mellitus. As set forth above, the additional evidence received in connection with this claim includes the appellant's October 2009 statement to the effect that he was prescribed pills for diabetes mellitus during active service. This evidence was not before adjudicators when the appellant's claim was last considered in December 2007 and it relates to an unestablished fact necessary to substantiate the claim, i.e. evidence of a disease in service. 38 U.S.C.A. §§ 1110, 1131 (West 2002). Presuming its credibility as required by Justus, this evidence raises a reasonable possibility of substantiating the claim. It is therefore new and material and the claim is reopened.

Turning to the merits of the claim, the Board notes that the Justus presumption of credibility does not attach after a claim has been reopened. Rather, in evaluating the evidence and rendering a decision on the merits, the Board is required to assess the credibility, and therefore the probative value, of proffered evidence in the context of the record as a whole. See Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997); see also Shade v. Shinseki, 24 Vet. App. 110, 124 (2010) (noting that "[n]ew and material evidence is evidence that-if found credible-would either entitle the claimant to benefits or to some further assistance from the Secretary in gathering evidence that could lead to the granting of the claim. Of course, once a claim is reopened, the adjudicator may determine that the new evidence is not credible or is outweighed by other evidence.").

After carefully considering the evidence of record, the Board finds that the preponderance of the evidence is against the claim of service connection for diabetes mellitus.

As set forth above, despite his recent contentions to the contrary, the appellant's service treatment records are entirely negative for any indication of diabetes mellitus, including treatment with pills. Indeed, at his November 1956 military separation medical examination, the appellant's endocrine system was normal and laboratory testing was negative, including for sugar in the urine. Moreover, the post-service clinical evidence consistently notes that the onset of the appellant's diabetes mellitus was in the late 1980s, approximately three decades after service separation. 

The Board has considered the appellant's recent statement to the effect that he was treated for diabetes mellitus during service but does not find it to be credible. See Jefferson v. Principi, 271 F.3d 1072 (Fed. Cir. 2001) (recognizing the Board's inherent fact-finding ability); see also Caluza v. Brown, 7 Vet. App. 498, 511, 512 (1995), aff'd per curiam, 78 F.3d. 604 (Fed. Cir. 1996) (discussing the factors to be considered in determining the weight to be assigned to evidence, including inconsistent statements, internal inconsistency of statements, inconsistency with other evidence of record, and witness demeanor).

First, the Board notes that the appellant's October 2009 statement that he was treated for diabetes mellitus during service conflicts with other statements in the record. For example, at his July 2012 Board hearing, the appellant testified that he had been diagnosed as having diabetes mellitus after service. The Board also notes that the appellant has been described in clinical settings as being a poor historian. Having had the opportunity to observe his demeanor at the July 2012 hearing, the Board agrees that the probative value of the appellant's recollection regarding his medical history is limited. 

Similarly, the Board has considered the appellant's statements to the effect that he gained a considerable amount of weight during service, weighing 235 pounds, and that he was advised by his military physicians to slow down on food, lest he develop diabetes mellitus. Again, the Board assigns little probative value to his testimony in this regard. Although the post-service record on appeal shows that the appellant was diagnosed as having diabetes mellitus complicated by obesity in the late 1980s, and has been counseled on multiple occasions since that time to lose weight, his service treatment records show that his weight was 180 pounds shortly before service separation. Thus, his recollections of reaching a weight of 235 pounds during active duty appear to be significantly inaccurate. 

For these reasons, the Board assigns far more probative weight to contemporaneous records than to the recollections of the appellant of events which occurred many years previously and which were made in the context of a claim for monetary benefits. Again, this contemporaneous record shows that diabetes mellitus was not present during the appellant's active service and that he was not diagnosed as having diabetes for approximately three decades thereafter. Moreover, the record contains no indication that the appellant's current diabetes mellitus is causally related to his active service or any established event in service, including established weight gain. Given this evidence, the Board finds that the preponderance of the evidence is against the claim of service connection for diabetes mellitus. 38 U.S.C.A. § 5107(b); Gilbert, 1 Vet. App. at 53. 



Hypertension and a heart disability

As set forth above, the appellant's service treatment records are entirely negative for complaints or findings of hypertension or a heart disability. At his November 1956 military separation medical examination, the appellant's heart and vascular system were examined and found to be normal. The appellant's blood pressure was 110/60 and a chest X-ray was negative. 

In July 1987, the appellant submitted an original application for VA compensation benefits, seeking service connection for multiple disabilities. His application is silent, however, for mention of any other disability, including hypertension and a heart disability, as is medical evidence assembled in connection with the application. 

Clinical records assembled in connection with subsequent unrelated claims include the report of an August 1990 VA medical examination at which the appellant's cardiovascular system was examined and found to be without abnormality. A blood pressure reading of 150/85 was recorded. 

VA clinical records, dated from July 1998 to July 1999 show treatment for multiple conditions, including hypertension. 

In April 2007, the appellant submitted claims of entitlement to service connection for multiple disabilities, including hypertension a heart disability. 

In support of his claim, the RO obtained private clinical records showing that in March 2002, the appellant was hospitalized after he sustained a cerebrovascular accident with left hemiparesis. On admission, it was noted that the appellant had a history of numerous conditions, including hypertension. The diagnoses on discharge included cerebrovascular accident with left hemiparesis and hypertension with hypertensive cardiovascular disease. During an April 2002 consultation, the appellant was noted to have had hypertension for two to three years. In August 2004, he was diagnosed as having a history of hypertension and congestive heart failure. 

VA clinical records assembled in connection with the appellant's claim show continued treatment for hypertension. 

In a December 2007 rating decision, the RO denied service connection for hypertension, finding that the condition was not shown during service nor was it manifest to a compensable degree within one year of service separation. The RO service connection for a heart disability, finding that a heart disability was not present during service or manifest to a compensable degree within one year of service, nor did the record contain evidence showing that his current heart disease was due to service. The appellant was notified of the RO's determination and his appellate rights in a December 2007 letter, but he did not appeal. 

In this appeal, the appellant seeks reopening of his claims of service connection for hypertension and a heart disability. As set forth above, the additional evidence received in connection with this claim includes the appellant's statements to the effect that he was prescribed pills for hypertension and a heart disability during active service. This evidence was not before adjudicators when the appellant's claim was last considered in December 2007 and it relates to an unestablished fact necessary to substantiate the claim, i.e. evidence of a disease in service. 38 U.S.C.A. §§ 1110, 1131 (West 2002). Presuming its credibility as required by Justus, this evidence raises a reasonable possibility of substantiating the claim. It is therefore new and material and the claim is reopened.

Turning to the merits of the claim, the Board again notes that the Justus presumption of credibility does not attach after a claim has been reopened. Rather, in evaluating the evidence and rendering a decision on the merits, the Board is required to assess the credibility, and therefore the probative value, of proffered evidence in the context of the record as a whole. Madden, 125 F.3d at 1481; see also Shade, 24 Vet. App. at 124. After carefully considering the evidence of record, the Board finds that the preponderance of the evidence is against the claims of service connection for hypertension and a heart disability. 

As set forth above, despite his recent contentions to the contrary, the appellant's service treatment records are entirely negative for any indication of hypertension or a heart disability, including treatment with pills. Indeed, at his November 1956 military separation medical examination, the appellant's heart and vascular system were normal, a chest X-ray was normal and the appellant's blood pressure was not elevated. See 38 C.F.R. § 4.104, Diagnostic Code 7101, Note 1 (2011). 

Moreover, the post-service clinical evidence consistently notes that the onset of the appellant's hypertension as being in the late 1990s, approximately four decades after service separation. The first notations of a heart disability in the record on appeal are not until 2002, when the appellant was noted to have hypertensive heart disease. 

The Board has considered the appellant's recent statement to the effect that he was treated for hypertension and a heart disability during service but does not find it to be credible. First, his statement that he was treated for hypertension and a heart disability during service conflicts with other statements in the record. For example, at his July 2012 Board hearing, the appellant testified that he was unsure whether he had been diagnosed as having hypertension during service but recalled that he had not been prescribed medication until after his separation. Again, as discussed above, the appellant has been described in clinical settings as being a poor historian. Moreover, having had the opportunity to observe his demeanor at the July 2012 hearing, the Board agrees that the probative value of the appellant's recollection regarding his medical history appears to be limited. 

For these reasons, the Board assigns far more probative weight to contemporaneous records than to the recollections of the appellant of events which occurred many years previously and which were made in the context of a claim for monetary benefits. Again, this contemporaneous record shows that neither hypertension nor a heart disability was present during the appellant's active service and that he was not diagnosed as having hypertension for approximately four decades thereafter and a heart disability for approximately five decades thereafter. Moreover, the record contains no indication that the appellant's current hypertension or heart disability is causally related to his active service or any established event in service. Given this evidence, the Board finds that the preponderance of the evidence is against the claims of service connection for hypertension and heart disease. 38 U.S.C.A. § 5107(b); Gilbert, 1 Vet. App. at 53. 

A psychiatric disability

As set forth above, the appellant's service treatment records are entirely negative for complaints or findings of a psychiatric disability. At his November 1956 military separation medical examination, psychiatric evaluation was normal. 

In July 1987, the appellant submitted an original application for VA compensation benefits, seeking service connection for multiple disabilities. His application is silent for mention of any other disability, including a psychiatric disability, as is medical evidence assembled in connection with that application. 

As delineated above, the appellant subsequently filed numerous additional claims unrelated to a psychiatric disability. Clinical records assembled in connection with these claims are similarly negative for any mention of a psychiatric disability. 

In April 2007, the appellant submitted claims of entitlement to service connection for multiple disabilities, including manic depressive disorder. 

Evidence assembled in connection with the claim included a May 2005 VA clinical record showing that the appellant reported feeling depressed over "life stressors." He requested consultation with a psychiatrist. 

Based on this evidence, in a December 2007 rating decision, the RO denied service connection for manic depression, finding that the condition was not shown during service nor was there evidence showing that the appellant currently had manic depression that was attributable to service. Although the appellant was duly notified of the RO's determination and his appellate rights in a December 2007 letter, he did not appeal. Thus, the decision is final and not subject to revision on the same factual basis. 

Here, the Board notes that the December 2007 rating decision specifically denied service connection for manic depressive disorder, the psychiatric term used by the appellant at that time. In this appeal, the appellant has requested reopening of his claim of service connection for manic depressive disorder, although he has also used the term depression and the evidence reflects a diagnosis of depression, not otherwise specified. The U.S. Court of Appeals for the Federal Circuit has held that claims based upon distinctly diagnosed diseases or injuries must be considered separate and distinct claims. See Boggs v. Peake, 520 F.3d 1330, 1334 (2008); see also Ephraim v. Brown, 82 F.3d 399, 402 (Fed. Cir. 1996). In this case, however, the appellant appears to use the terms manic depression and depression interchangeably and the clinical evidence reflects only one diagnosis, depression. See Clemons v. Shinseki, 23 Vet. App. 1, 5-6, 8 (2009) (holding that the scope of a mental health disability claim includes any mental disability that may reasonably be encompassed by a claimant's description of the claim, reported symptoms, and the other information of record). Given the appellant's contentions and the evidence of record, the Board concludes that the appellant's claim of service connection for a psychiatric disability a claim to reopen, subject to the laws and regulations governing the finality of prior VA adjudications. To ensure that he receives complete consideration, however, the Board has characterized the issue as whether new and material evidence has been received to reopen a claim of service connection for a psychiatric disability, including depression. In any event, given the Board's decision below to reopen the claim and consider it on the merits, no prejudice results. 

As set forth above, the December 2007 rating decision denied the appellant's claim of service connection for a psychiatric disability finding that the record contained no evidence that he had been diagnosed as having a psychiatric disability related to service. The additional evidence received now includes clinical records showing that the appellant was diagnosed as having depression. Given the bases for the previous denial, the Board finds that the additional evidence relates to an unestablished fact necessary to substantiate the claim, i.e. evidence of a current disability. 38 U.S.C.A. §§ 1110, 1131 (West 2002). Presuming its credibility, this evidence raises a reasonable possibility of substantiating the claim. It is therefore new and material and the claim is reopened.

Turning to the merits of the claim, after considering the evidence of record, the Board finds that the preponderance of the evidence is against the claim of service connection for a psychiatric disability. 

Again, the appellant's service treatment records are entirely negative for any indication of a psychiatric disability. At his November 1956 military separation medical examination, psychiatric evaluation was normal. Moreover, the post-service clinical evidence shows that the appellant was not diagnosed as having depression for several decades after service separation. Additionally, the record contains no indication that any current psychiatric disability, including depression, is causally related to the appellant's active service or any incident therein. Finally, the record does not show, nor has the appellant alleged, that he suffered from continuous psychiatric symptomatology since service. Rather, he indicates that he did not begin to experience depression symptoms until at least five years after separation. 

Given this evidence, the Board finds no basis upon which to award service connection for a psychiatric disability, including depression. The preponderance of the evidence is against the claim. 38 U.S.C.A. § 5107(b); Gilbert, 1 Vet. App. at 53. 

Blood disease

As set forth above, the appellant's service treatment records are entirely negative for complaints or findings of a blood disease. At his November 1956 military separation medical examination, laboratory testing was negative for any abnormality and no blood disease was identified. 

In July 1987, the appellant submitted an original application for VA compensation benefits, seeking service connection for multiple disabilities. His application is silent, however, for mention of any other disability, including a blood disease, as is medical evidence assembled in connection with the application. 

Clinical records assembled in connection with subsequent unrelated claims include the report of an August 1990 VA medical examination and VA clinical records, dated from July 1998 to July 1999 showing notations for multiple disabilities. These records, however, are entirely silent for any indication of a blood disease. 

In April 2007, the appellant submitted claims of entitlement to service connection for multiple disabilities, including a blood disease. He claimed that he had received blood transfusions and iron injections at a private facility. He indicated that he believed such treatment had been necessary as VA had prescribed him various drugs, including Ibuprofen and statins, which had "messed up" his immune system and blood marrow.

In support of his claim, the RO obtained private clinical records showing that in March 2002, the appellant was hospitalized after he sustained a cerebrovascular accident with left hemiparesis. During the course of admission, he was found to be anemic with chronic renal insufficiency. During an April 2002 consultation, he was noted to have iron-deficiency anemia. VA clinical records assembled in connection with the appellant's claim show notations of various complaints and diagnoses including anemia, likely secondary to chronic renal insufficiency. 

Based on this evidence, in a December 2007 rating decision, the RO denied service connection for blood disease, finding that a blood disease was not present during service or manifest to a compensable degree within one year of service, nor did the record contain evidence showing that any current claimed blood disease was due to service. The appellant was notified of the RO's determination and his appellate rights in a December 2007 letter, but he did not appeal. 

In this appeal, the appellant seeks reopening of his claims of service connection for blood disease. Thus, the Board has reviewed the entire record, with particular attention to the additional evidence received since the last final rating decision denying service connection in December 2007. 

Additional evidence received in connection with the claim includes VA and private clinical records showing continued treatment for multiple disabilities, including anemia. These records show that during a VA mental health evaluation, the appellant reported that he had been told by a VA physician that medication or shots given to him on active duty caused him to develop anemia. 

This evidence was not considered by adjudicators when the appellant's claim was last considered in December 2007 and it relates to an unestablished fact necessary to substantiate the claim, i.e. evidence linking the appellant's claimed blood disease, apparently anemia, to service. Presuming its credibility, this evidence raises a reasonable possibility of substantiating the claim. It is therefore new and material and the claim is reopened.

Turning to the merits of the claim, the Board again notes that the Justus presumption of credibility does not attach after a claim has been reopened. Rather, in evaluating the evidence and rendering a decision on the merits, the Board is required to assess the credibility, and therefore the probative value, of proffered evidence in the context of the record as a whole. Madden, 125 F.3d 1481; see also Shade, 24 Vet. App. 124. 

After carefully considering the evidence of record, the Board finds that the preponderance of the evidence is against the claim of service connection for a blood disease, including anemia.

As set forth above, despite his recent contentions to the contrary, the appellant's service treatment records are entirely negative for any indication of a blood disease in service, including anemia. Again, laboratory testing conducted at his November 1956 military separation medical examination was negative, including for any indication of a blood disease, including anemia. The appellant's service treatment records are also negative for any indication that he was prescribed medication which precipitated anemia. Indeed, the first post-service evidence of anemia is not until 2002, approximately 46 years after service separation. Moreover, the Board observes that the post-service clinical evidence indicates that the appellant's anemia is secondary to chronic renal insufficiency, a complication of his longstanding diabetes mellitus. There is no indication in any of the medical evidence of record that the appellant's anemia is causally related to his active service or any incident therein, including any prescribed medication or inoculations. 

The Board has considered the appellant's recent statement to the effect that he was told by a VA physician that his anemia was related to medication he received on active duty but does not find it to be credible. See Jefferson v. Principi, 271 F.3d 1072 (Fed. Cir. 2001) (recognizing the Board's inherent fact-finding ability); see also Caluza v. Brown, 7 Vet. App. 498, 511, 512 (1995), aff'd per curiam, 78 F.3d. 604 (Fed. Cir. 1996) (discussing the factors to be considered in determining the weight to be assigned to evidence, including inconsistent statements, internal inconsistency of statements, inconsistency with other evidence of record, and witness demeanor).

First, the appellant's statement in this regard conflict with other statements to the effect that it he was told that his blood disease was due to medication prescribed by VA after service. In any event, the appellant has been noted to be a poor historian. The Board has also reviewed the VA clinical records associated with the claims file and they contain no indication whatsoever that the appellant's anemia, first diagnosed many decades after service separation is due to medication he was prescribed on active duty. Rather, these records indicate that his anemia is likely secondary to renal dysfunction. Given these factors, the Board assigns little credibility and probative value to the appellant's statements that a VA physician told him that his anemia was due to medication he received in service. See also Warren v. Brown, 6 Vet. App. 4 (1993) (holding that a claimant's lay statements relating what a medical professional told him, filtered as they are through a layperson's sensibilities, are too attenuated and inherently unreliable to constitute competent evidence to support a claim). 

For these reasons, the Board assigns far more probative weight to objective contemporaneous records than to the statements of the appellant. Again, the objective and contemporaneous record shows that a blood disease, including anemia, was not present during the appellant's active service and that he was not diagnosed as having a blood disease, including anemia, for approximately four decades thereafter. Moreover, the record contains no credible indication that any current blood disease, including anemia, is causally related to his active service or any established event in service. Rather, the record shows that the appellant's anemia is likely due to chronic renal insufficiency. Given this evidence, the Board finds that the preponderance of the evidence is against the claim of service connection for blood disease. 38 U.S.C.A. § 5107(b); Gilbert, 1 Vet. App. at 53. 


ORDER

New and material evidence having not been received, the application to reopen the previously denied claims of entitlement to service connection for a back disability, including degenerative disc disease of the lumbar spine, and frostbite of the hands and feet is denied. 

New and material evidence having been received, the application to reopen the previously denied claims of entitlement to service connection for diabetes mellitus, hypertension, a psychiatric disability, blood disease, and a heart disability is granted. 

Entitlement to service connection for diabetes mellitus, hypertension, a psychiatric disability, blood disease, and a heart disability is denied. 


REMAND

Whether new and material evidence has been received to reopen previously denied claims for compensation pursuant to 38 U.S.C.A. § 1151 for blood disease and a heart disability

VA is required to advise a claimant of the information and evidence not of record that is necessary to substantiate a claim. See 38 U.S.C.A. § 5103 (West 2002); 38 C.F.R. § 3.159(b)(1) (2011). In Kent v. Nicholson, 20 Vet. App. 1 (2006), the U.S. Court of Appeals for Veterans Claims (Court) held that in the context of a claim to reopen, VA must look at the bases for the denial in the prior decisions and provide a VCAA notice that describes what evidence would be necessary to substantiate that element found insufficient in the previous denial. 

In this case, a review of the record indicates that the appellant has not yet been provided with the necessary notice regarding the information and evidence needed to reopen his claims for compensation pursuant to 38 U.S.C.A. § 1151 for blood disease and a heart disability. This deficiency should be corrected on remand. 

Additionally, at his July 2012 Board hearing, the appellant testified that during periods of hospitalization at the La Jolla VA Medical Center (VAMC) in the mid-1990s, he was prescribed various medications which caused him to develop anemia and problems with his bone marrow. He also claims to have had a heart attack as a result of beta blockers prescribed by VA. 

The record on appeal contains VA clinical records dated from January 1998 to July 1999 from the San Diego VAMC, but no records from the La Jolla VAMC, including from the mid-1990s, have been requested. VA's duty to assist requires making as many requests as are necessary to obtain relevant records from a Federal department or agency, including a VA Medical Center, until it is concluded that the records sought do not exist or that further attempts to obtain them would be futile. 38 C.F.R. § 3.159(c)(2) (2011). Under these circumstances, the RO must make reasonable efforts to obtain records from the La Jolla VA Medical Center from the mid 1990s. 

Entitlement to a total rating based on individual unemployability due to service-connected disability. 

As discussed in the Introduction portion of this decision, in an October 2010 determination, the RO denied a total rating based on individual unemployability due to service-connected disability. Although the appellant submitted a notice of disagreement with the RO's determination in November 2010, the record currently available to the Board contains no indication that the RO has issued a Statement of the Case addressing this issue. Thus, a remand for this action is now necessary. Manlincon, 12 Vet. App. at 240-41 (1999).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2011). Expedited handling is requested.)

1. The RO should issue a Statement of the Case to the appellant and any representative addressing the issue of entitlement to a total rating based on individual unemployability due to service-connected disability. The Statement of the Case must include all relevant law and regulations pertaining to the claim. The appellant must be advised of the time limit in which he may file a substantive appeal, if he so desires. 38 C.F.R. § 20.302(b) (2011). This issue should then be returned to the Board for further appellate consideration, only if an appeal is properly perfected.

2. The appellant and his representative should be provided with appropriate notice under 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b), which includes an explanation as to what constitutes new and material evidence to reopen the claims for compensation pursuant to 38 U.S.C.A. § 1151 for blood disease and a heart disability, in accordance with Kent v. Nicholson, 20 Vet. App. 1 (2006).

3. The RO should contact the La Jolla VA Medical Center and request clinical records pertaining to the appellant's reported periods of hospitalizations in the mid 1990s. 

4. After reviewing the record in its entirety and conducting any additional evidentiary development deemed necessary, the RO should readjudicate the appellant's claims. If any claim remains denied, the appellant should be provided with a supplemental statement of the case and an opportunity to respond.

The case should then be returned to the Board for appropriate appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



______________________________________________
James L. March
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs